UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHRISTOPHER E. BROWN,
an individual,

    Plaintiff,

vs.

COLUMBUS PROPERTIES, INC.,
*an Alaska Corporation*,

    Defendant.
-------------------------------------------------------------x

**JURY TRIAL NOT DEMANDED**

**Index No.**

Judge

# COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN (hereinafter "MR. BROWN"), through his undersigned counsel, hereby files this Complaint and sues Defendant COLUMBUS PROPERTIES, INC., an Alaska Corporation, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq., (the "ADA"), the New York State Human Rights Law, N.Y. Exec. § 296(2)(a) (the "NYSHRL"), and the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., (the "NYCRL") and hereby alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to the ADA, the NYSHRL and the NYCRL. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and has pendant and supplemental jurisdiction over the state law claims that are alleged pursuant to 42 U.S.C. § 1367, et seq.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. MR. BROWN is a resident of the Queens, New York. He also regularly commutes into Manhattan three to four times a week.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, COLUMBUS PROPERTIES, INC., (hereinafter referred to as "DEFENDANT") is an Alaska Corporation. Upon information and belief, Defendant is the owner of the real property and improvements which are the subject of this action, to wit: (the "Property") generally located at 217 Broadway, New York, New York 10007. Defendant is subject to compliance with the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

9. The Property, an office supply store, is a place of public accommodation and is subject to the ADA.

10. MR. BROWN has attempted to visit the Property owned/operated by Defendant several times over the past year. Plaintiff last attempted to visit the Property on May 20, 2019.

11. During his visits, MR. BROWN encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. Due to these barriers, MR. BROWN was denied and continues to be denied the full and equal enjoyment of the goods and services offered at the Property.

13. MR. BROWN intends to and will visit the Property to attempt to utilize the goods and services in the near future, but fears that he will face the same barriers to access as discussed herein. However, but for the discriminatory barriers to access at the Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the below architectural barriers to access, which were personally encountered by Plaintiff and which limited his access to the Property:

    A. Plaintiff encountered an inaccessible entrance into the Staples store from the public sidewalk due to a vertical lip at the door landing, a slope in excess of 1:48, an improperly high door threshold and doors which require excessive force to open.

    B. Plaintiff also encountered an inaccessible vestibule inside the entryway which contains another slope in excess of 1:48 and lacks handrails. Additionally, the second door on the interior of the vestibule also lacks a level landing.

    C. Plaintiff encountered inaccessible payment counters due to the excessive height of credit card machines and counters at all checkout lines.

   D. Plaintiff encountered inaccessible ramps inside the Staples store due to excessive slopes and a failure to provide handrail extensions where handrails are provided.

   E. Plaintiff encountered inaccessible street entrances into the AT&T mobile phone store and the New York Sports Club from the public sidewalk due to slopes in excess of 1:48, high door thresholds and vertical lips at the door landings.  Additionally, both of these entrances are located within narrow alcoves of the building without any clearance on the side of the door handle, making it extremely difficult for Mr. Brown or any other person in a wheelchair to open the doors.

15. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

20.     Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

21.     Defendant operates a business establishment dealing with goods and/or services within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law section 290 et seq.

22.     The conduct alleged herein violates the ADA.

23.     The conduct alleged herein violates the NYSHRL.

24.     The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any . . . owner . . . of any place of public accommodation, . . .because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law section 296(2)(a).

25.     The Defendant has violated the NYSHRL by, *inter alia*, denying Plaintiff the accommodations, advantages, facilities or privileges offered by Defendant, and by refusing to make reasonable modifications to accommodate disabled persons.

26.     In doing the acts and/or omission alleged herein, Defendant has wrongfully and unlawfully denied access to its facilities to individuals with disabilities.

27.     The Defendant has further violated the NYSHRL by being in violation of the rights provided under the ADA.

28.     Plaintiff visited Defendant's Property numerous times and encountered architectural barriers as described herein.

29. By maintaining architectural barriers and policies that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by Defendant.  Failure on the part of Defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendant.

30. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

31. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## COUNT III - VIOLATION OF NEW YORK CIVIL RIGHTS LAW

32. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

33. As owner and/or operator of a place of public accommodation within the jurisdiction of the State of New York, Defendant is obligated to comply with the provisions of the NYCRL, N.Y. Civ. Rights § 40 et seq.

34. The conduct alleged herein violates the NYCRL.

35. Plaintiff has complied with the notice requirements of § 40-d as notice of this action was served upon the attorney general prior to initiating suit.

36. Section 40-c of the NYCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

37. The Defendant has violated the NYCRL section 40-c, by *inter alia*, subjecting Plaintiff as a person with a disability, to discrimination of his civil rights.

38. The Defendant has further violated the NYCRL by being in violation of the rights provided under the ADA.

39. This has resulted in a cognizable injury to Plaintiff.

40. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

41. Plaintiff prays for judgment pursuant to NYCRL § 40-d, including minimum statutory damages, and all other relief allowed by law.

**WHEREFORE**, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter its Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

    D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff;

E.  That the Court award damages to Plaintiff pursuant to his state law claims; and

F.  That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: May 31, 2019

                                Respectfully Submitted,

By: */s/ Louis I. Mussman*
Louis I. Mussman (5536685)
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
T: (305) 891-1322
F: (305) 891-4512

and

Olivia D. Rosario (OR5730)
Law Office of Olivia D. Rosario
*Of Counsel*
31-91 Newtown Ave, Suite 901
Long Island City, New York 11102
T: (212) 349-1836
F: (212) 349-9149

*Attorneys for Plaintiff*